

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2009

# USA v. Norman Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Norman Thomas" (2009). *2009 Decisions.* Paper 494.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/494

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4540

_____

UNITED STATES OF AMERICA

vs.

NORMAN LEE THOMAS,
                                        Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 1-07-cr-00192-003)
District Judge:  Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2009
Before:   RENDELL, AMBRO and WEIS, Circuit Judges.

(Filed: October 7, 2009)

_____

OPINION

_____

WEIS, Circuit Judge.

        Defendant pleaded guilty to possession with intent to distribute cocaine and

cocaine base in violation of 21 U.S.C. § 841(a).  In determining the applicable sentencing

guideline, the District Court found that defendant had distributed cocaine base in excess of 4.5 kilograms. Although the pre-sentence investigation report resulted in a Guideline range of 262 to 327 months' incarceration, that range was lowered to 240 months, the statutory maximum. Responding to the government's motion to a downward departure and in consideration of the defendant's ongoing and substantial cooperation, the Court imposed a sentence of 139 months imprisonment and a three-year period of supervised release.

Defendant contends that, in finding the amount of cocaine involved, the Court erred by using evidence that he supplied in a proffer. The government asserts that it had independent sources for determining the amount of illegal drugs, including information provided by confidential informants before the defendant's arrest, as well as statements defendant made to the police before entering into the plea agreement. We have carefully reviewed the sentencing proceedings, including the transcript of the hearing, and conclude that the District Court did not err in finding that the quantity of illegal drugs was calculated based on evidence independent of the proffer and was, therefore, properly used in determining the sentence. See United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) ("this Court . . . review[s] factual findings relevant to the Guidelines for clear error and . . . exercise[s] plenary review over a district court's interpretation of the Guidelines"); see also U.S.S.G. § 1B1.8(b)(1) ("The provisions of subsection (a) [stating that self-incriminating information provided pursuant to plea

agreement cannot be used in determining guideline range] shall not be applied to restrict the use of information [ ] known to the government *prior to entering into the cooperation agreement*") (emphasis added).

We also conclude that the District Court gave "meaningful consideration" to the 18 U.S.C. § 3553 factors and applied them reasonably to the circumstances of this case.  See United States v. Lessner, 498 F.3d 185, 203-04 (3d Cir. 2007) (holding that a sentence is procedurally reasonable where the district court demonstrates "meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)" and substantively reasonable where it applies those factors "reasonably to the circumstances of the case").

Accordingly, we will affirm the Judgment of the District Court.